UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**United States of America**

    **v.**                                    Criminal No. 3:08-cr-36-PJB
                                               Opinion No. 2009 DNH 003
**Anibal Acevedo Vila, et al.**

MEMORANDUM AND ORDER

Defendants Jose Gonzalez Freyre and Ricardo Colon Padilla are charged with making false statements to the Federal Bureau of Investigation ("FBI") and the Internal Revenue Service ("IRS") in violation of 18 U.S.C. § 1001(a)(2).  Each defendant has filed a motion seeking to suppress the statement that serves as the basis for the charges against him.  (Doc. Nos. 381, 386.)  For the reasons set forth below, the defendants' motions to suppress are denied.

I.  BACKGROUND

Defendants allegedly made their false statements during a period in which "the FBI was conducting an investigation focusing on the activities of the Comité Anibal and the contributors to that gubernatorial campaign."  (Indictment, Doc. No. 9, at 47.) The Indictment charges that on August 8, 2007, Gonzalez Freyre

was interviewed by agents from the IRS and FBI about contributions that he had made to Governor Anibal Acevedo Vila's campaign committee.  (Indictment, Doc. 9, at 48.)  Gonzalez Freyre was asked to produce documents pursuant to a grand jury subpoena for records, and the agents identified themselves and explained that the interview was part of an ongoing federal probe.  (Govt.'s Omnibus Resp., Doc. No. 398, at 4; Def. Gonzalez Freyre Mot. to Suppress, Doc. No. 381, at 6.)  During that interview, Gonzalez Freyre is alleged to have stated that "the public relations firm of Company E had rendered *bona fide* services to Pan American Grain, and that the payments made by Pan American Grain to Company E in the total amount of $50,000 were in payment of services rendered in connection with a market study the firm performed."  (Indictment, Doc. No. 9, at 48.)  The Indictment states that contrary to this statement, Gonzalez Freyre knew that "Company E had never rendered services to Pan American Grain, and the $50,000 payment to the company was a disguised political contribution to the gubernatorial campaign of Anibal Acevedo Vila."  (Id.)

In a separate count, the Indictment charges that on October 17, 2007, during a discussion with FBI and IRS agents regarding

the fund-raising practices of the Popular Democratic Party and
Acevedo Vila's campaign committee, Colon Padilla stated "that he
never made a cash payment to Company E in connection with the
Comité Anibal, that he was unaware of any payment to vendors of
the Comité Anibal campaign that had been made in cash, and that
he was unaware of the use of collaborators" to absolve a portion
of the Comité Anibal's debts with Company E.  (Id. at 49.)  The
Indictment states that Colon Padilla did, however, make a cash
payment of $50,000 to Company E to reduce the Comité Anibal's
"unreported debt."  It further alleges that, contrary to his
statements, Colon Padilla "was aware of and handled the
accounting for various cash payments made to vendors of the
Comité Anibal," and that he was also "aware of credits to the
unreported debt of the Comité Anibal at Company E from
collaborators to the campaign."  (Id.)  During this interview,
Colon Padilla was instructed that "he needed to tell the truth at
all times and ... that lying to a federal officer was against the
law."  (Def. Colon Padilla Mot. to Suppress, Doc. No. 386, at 4.)
At the close of the interview, the agents informed Colon Padilla
that they "already had information that contradicts his
testimony," a comment which Colon Padilla says "undoubtedly

-3-

confirm[s]" that he was a subject in the ongoing grand jury investigation.[1] (Id. at 4, 9.)

Gonzalez Freyre and Colon Padilla have both been charged with violations of 18 U.S.C. § 1001(a)(2) for their allegedly false statements.  Defendants now seek to have these statements suppressed on the ground that they were obtained in violation of the IRS's interrogation guidelines.

## II.   **ANALYSIS**

### A.   **IRS Interrogation Guidelines**

The IRS has promulgated internal guidelines that it requires its agents to follow when they conduct interviews pursuant to criminal investigations.  One provision in the agency's Internal Revenue Manual (the "Manual"), entitled "Informing of Constitutional Rights in Non-Custodial Interviews," instructs that the "special agent will advise the individual of his/her constitutional rights during non-custodial interviews when the individual is a subject of an investigation ... or when a

---

[1]  In his motion to suppress, Colon Padilla stresses that he was interviewed (a second time) by telephone on October 24, 2008; however, that conversation is not referenced in the Indictment.

-4-

witness' statement would incriminate the witness."  Internal
Revenue Manual § 9.4.5.11.3.1.  The Manual then sets out a
<u>Miranda</u>-type litany of rights for the agent to read to the
subject of the interrogation.

The Manual also outlines an exception to the above
requirements.  The exception states that "IRS procedures for non-
custodial advice of rights does not apply to grand jury
investigations."  Internal Revenue Manual § 9.4.5.11.3.1.2.  When
the exception applies, the manual states that the "attorney for
the government will provide instructions for advising subjects of
their rights."  It also states that "though IRS employees may use
their credentials for identification purposes, they should advise
those contacted that they are acting as assistants" to a
government attorney "in conjunction with an investigation."  <u>Id.</u>
Thus, the expansive protections that the Manual affords to
interrogation subjects do not apply in all instances, and in
certain circumstances, give way to whatever procedures are
determined to be appropriate by the prosecutor leading the
investigation.

B.   <u>**Defendants' Arguments**</u>

Gonzalez Freyre and Colon Padilla argue that their

statements must be suppressed because they were taken in violation of the IRS interrogation policy.  I disagree.

First, although the Manual requires agents to administer <u>Miranda</u>-type warnings before conducting certain non-custodial interviews, the Manual clearly states that the section requiring such warnings is inapplicable when the agent is acting pursuant to a grand jury investigation.  It is undisputed that the interviews in question were taken as a part of an ongoing grand jury investigation.  Thus, the agents were not required to administer the <u>Miranda</u>-type warnings described in the Manual. <u>United States v. Rozin</u>, No. 1:05-CR-139, 2007 WL 2407050, at *7 (S.D. Ohio Aug. 22, 2007)(<u>Miranda</u>-type warnings are not required when agent is acting pursuant to a grand jury investigation).

Second, although the Manual states that "the attorney for the government will provide instructions for advising subjects of their rights" when the attorney is leading a grand jury investigation, this provision cannot reasonably be construed to require prosecutors to instruct IRS agents to administer <u>Miranda</u>-type warnings before conducting non-custodial interviews. Moreover, even if the Manual required prosecutors to give such instructions, the Manual cannot bind prosecutors because they

work for the Department of Justice rather than the IRS.  Thus, there is no merit to defendants' contention that their statements must be suppressed because the prosecutors in this case did not instruct the IRS agents who conducted the interviews to administer <u>Miranda</u>-type warnings to the defendants before they were interviewed.

Third, even if defendants correctly claim that the agents violated the section of the Manual requiring them to advise the subject of an interview that the agents were acting as assistants to a prosecutor conducting an investigation, this violation would not require the court to suppress the defendants' statements. Over thirty years ago, the U.S. Court of Appeals for the First Circuit ruled in <u>United States v. Leahy</u> that due process demands that the IRS adhere to its own publically stated policy of informing interviewees of their rights to remain silent and obtain counsel.  434 F.2d 7, 9–11 (1st Cir. 1970).  However, the court at the same time stated that "[w]e do not say that agencies always violate due process when they fail to adhere to their procedures." <u>Id.</u> at 11; <u>see also</u> <u>United States v. Caceres</u>, 440 U.S. 741, 751–52 (1979) (agent's failure to follow IRS regulations governing electronic surveillance did not raise

–7–

constitutional questions);  United States v. Bembridge, 458 F.2d 1262, 1264 (1st Cir. 1972) (Leahy does not mandate suppressing a subject's statement when agent fails to "recite every syllable of a mumbo-jumbo formula" but does not infringe on any constitutional rights).  In the present case, any failure to inform defendants that the agents were acting as assistants to the prosecutor conducting an investigation is at most a technical failure to comply with the requirements of the Manual that simply does not warrant the extreme remedy of suppression.

### III.  CONCLUSION

For the reasons set forth above, the defendants' motions to suppress (Doc. Nos. 381, 386) are denied.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge
District of New Hampshire
Sitting by Designation

January 9, 2009

cc:  Counsel of Record

-8-